

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

Gerald C. Mann

~~WILLMILSON~~
**ATTORNEY GENERAL**

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. 0-5508
Re: Adoption of Cooperative
Marketing Act (Chapter 8,
Title 93, Revised Civil
Statutes) by corporations
organized under Article
1302, Subdivision 81; and
payment of franchise taxes.

In your letter of November 8, 1943, regarding the above captioned matter, you ask the following questions:

1. "Should this office under the provisions of Article 5760 approve and file amendments to charters of corporations organized under the provisions of Title 32 of the Revised Civil Statutes changing the corporate structure of said corporations to come under the provisions of Chapter 8, Title 93 of the Revised Civil Statutes?

2. "If your answer to the first question is in the affirmative, should such a corporation after coming under the provisions of Chapter 8, Title 93 continue to pay francise taxes to this department?"

You handed us in connection therewith the original charter of the Booker Equity Union Exhange, a corporation created May 17, 1920, under the provisions of Subdivision 81, of Article 1302, Vernon's Annotated Civil Statutes, together with two (2) amendments, filed September 10, 1940, and July 7, 1941.

Both amendments were approved and filed with the Secretary of State. The 1940 amendment adopted the provisions of the Cooperative Marketing Act (Chapter 8, Title 93, Revised Civil Statutes), and the 1941 amendment increased the capital stock of the association from $31,238.00 to $40,000.00.

The pertinent statutes are:

"To construct or purchase, or purchase and maintain
mills, gins, cotton compresses, grain elevators, wharves,
and public warehouses for the storage of products
and commodities by grain elevator and public warehouse
companies; the loan of money by such elevator and
public warehouse companies; and to act as general
commercial brokers and as custom brokers in the
United States and foreign countries." (Subdivision
81, Article 1302, Revised Civil Statutes)

"An association may be organized to engage
in any activity in connection with the production,
cultivation, and care of citrus groves or the
marketing or selling of agricultural products
and citrus fruits produced by and marketed for
its members, or in the harvesting, preserving,
drying, processing, canning, storing, handling,
shipping, or utilization thereof, or the manufacturing
or marketing of the by-products thereof; or in
connection with the manufacturing, selling, or
supplying to its members of machinery, equipment
or supplies; or in the financing of the above
enumerated activities; or in any one or more
of the activities specified herein. Provided,
however, any such activities may extend to non-members
and to the production, cultivation, and care of lands
owned or cultivated by them and their products
limited by Article 5738 as heretofore amended."
(Article 5740, Cooperative Marketing Act).

"Each association formed under this Act
must prepare and file Articles of Incorporation,
setting forth: (a) The name of the association.
(b) The purposes for which it is formed. (c)
The Place where its principal business will be
transacted. (d) The term for which it is to
exist, not exceeding fifty (50) years. (e)
The number of directors thereof, which must not
be less than five (5) and may be any number in
excess thereof, and the term of office of such
directors. (f) If organized without capital
stock, whether the property rights and interest
of each member shall be equal or unequal; and
if unequal, the Articles shall set forth the
general rule or rules applicable to all members
by which the property rights and interests, re-
spectively, of each member may and shall be de-
termined and fixed; and the association shall have

to power to admit new members who shall be en-
titled to share in the property of the associa-
tion with the old members, in accordance with
such general rule or rules. This provision of
the Articles of Incorporation shall not be al-
tered, amended or repealed except by the written
consent or the vote of three-fourths of the mem-
bers. (g) If organized with capital stock, the
amount of such capital stock and the number of shares
into which it is divided and the par value
thereof. The capital stock may be divided into
preferred and common stock. If so divided, the
Articles of Incorporation must contain a state-
ment of the number of shares of stock to which
preference is granted and the number of shares
of stock to which no preference is granted and
the nature and extent of the preferences and
privileges granted to each. The Articles must
be subscribed by the incorporators and acknowl-
edged by one of them before an officer authorized
by the law of this State to take and certify
acknowledgments of deeds and conveyances; and shall
be filed in accordance with the provisions
of the general corporation law of this State;
and when so filed the said Articles of Incor-
poration, or certified copies thereof, shall be
received in all courts of this State, and other
places, as prima facie evidence of the facts con-
tained therein, and of the due incorporation of
such association. . . . ." (Article 5744, Co-
operative Marketing Act)

"Any corporation or association organized
under previously existing statutes, may by a
majority vote of its stockholders or members
be brought under the provisions of this chapter
by limiting its membership and adopting the
other restrictions as provided herein. It
shall make out in duplicate a statement signed
and sworn to by its directors, upon forms sup-
plied by the Secretary of State, to the effect
that the corporation or association has by a
majority vote of its stockholders or members
decided to accept the benefits and be bound by
the provisions of this chapter. Articles of
Incorporation shall be filed as required in
the eighth article of this chapter, except
that they shall be signed by the members of the

> board of directors. The filing fee shall be the
> same as for filing an amendment to Articles of
> Incorporation." (Article 5760, Cooperative
> Marketing Act)

Article 5760, last quoted above, provides that an Association may adopt the provisions of the Cooperative Marketing Act by: (1) Its Directors filing a sworn statement with the Secretary of State to the effect that by a majority vote of its stockholders, it has decided to accept the benefits and be bound by the provisions of Chapter 8, of Title 93, of the Revised Civil Statutes, as amended; (2) Filing articles of incorporation as required by Article 5744, Vernon's Annotated Civil Statutes, signed by the members of the Board of Directors.

An examination of the instruments submitted discloses that the Booker Equity Union Exchange has complied with these requirements, and that the papers they submitted are in order except that when it was decided to come under the provisions of Chapter 8, of Title 93, it filed what was denominated an amendment of its charter rather than new articles of incorporation.

However, the amendment filed in your office September 10, 1940, contains all that is required by Article 5744 for articles of incorporation, and is signed and acknowledged by the directors. It was accompanied by the statement required by Article 5760.

Your first question is therefore answered in the affirmative; and this will apply to other corporations desiring to change their corporate structure to come under the provisions of Chapter 8 of Title 93, when such an amendment contains all the information required by Articles 5744 and 5760, and is executed as there prescribed.

Article 5764, Vernon's Annotated Civil Statutes, is pertinent to your second question, and reads as follows:

> "Each association organized hereunder shall
> pay to the Commissioner an annual license fee of
> ten dollars but shall be exempt from all franchise
> or license taxes. For filing articles of incor-
> poration, an association organized hereunder shall
> pay ten dollars, and for filing an amendment there-
> to, two dollars and fifty cents."

You are advised that, in our opinion, when a corporation changes its corporate structure in the manner provided in Article 5760, supra. it is entitled to the benefits of Article 5764 just as a corporation orignially organized under the provisions of the Cooperative Marketing

Act, and is exempt from the payment of franchise taxes.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

James D. Smullen
Assistant

JDS:ff